## James F. Moorehead, Appellant, v. R. J. Eggmann, Appellee.

### (Not to be reported in full.)

Appeal from the City Court of East St. Louis, the Hon. ROBERT H. FLANNIGAN, Judge, presiding. Heard in this court at the October term, 1913. Reversed and remanded. Opinion filed May 1, 1914.

### Statement of the Case.

This is a separate appeal from a decree entered in a mechanic's lien proceeding in the City Court of East St. Louis. Appellant's petition and two others were filed in that court and all three cases consolidated for hearing and tried as one case. From the joint decree three separate appeals were taken. The important facts and questions of law involved in all of the cases are considered by the Appellate Court on the separate appeal of *Builders Supply & Coal Co. v. Eggmann, ante,* p. 572, and the decision on that appeal is controlling upon several questions raised on this appeal.

The decree in the consolidated cases found that James F. Moorehead, the appellant here, contracted with Homer Crutchfield to do certain plumbing work and furnish certain materials for the improvement then being made by Crutchfield to the amount of $203; that he had not served a subcontractor's notice on R. J. Eggmann, the owner, within the required sixty days; that he was entitled to recover said sum from Crutchfield, but not entitled to a lien. The court dismissed appellant's bill for want of equity.

One of the questions raised was whether there was a variance between the allegations of the petition and the proofs so as to defeat the allowance of a lien, it being urged that the petition proceeded on the theory that Crutchfield was original contractor and alleged that a subcontractor's notice had been served upon Eggmann as owner of the property.

DAN McGLYNN, for appellant.

E. W. EGGMANN, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

## Abstract of the Decision.

1. MECHANICS' LIENS, § 193*—*when variance between allegations and proofs will not defeat lien.* Where a petition for a mechanic's lien proceeds upon the theory that petitioner was entitled to a lien as a subcontractor and the proof showed he was entitled to a lien as an original contractor, *held* that the variance would not defeat the allowance of a lien, where several cases presented by several petitions were filed in the same court for liens against the same property are consolidated for hearing and it became necessary for the court to determine the rights of all the parties.

2. MECHANICS' LIENS, § 190*—*effect of discrepancies in pleadings.* It would appear to be the theory of the law that when a petition for a mechanic's lien has been filed, under which the property in question can be subjected to the lien of those furnishing labor or materials for improvement thereon, that all parties having similar claims may present them to the court to be heard at the same time, and that the court having jurisdiction of the property as a fund will direct the satisfaction, not only of the debt of the original petitioner or claimant but also that of other claimants whose claims have been presented, and that discrepancies and irregularities in the petition or answers presenting the claims will be disregarded, provided the substance of the claim is set forth in some one or more of the petitions presenting such claims.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.